NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
Email: cutter@cutterlegal.com
*Attorney for Plaintiff Sushil Prabakaran*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | |
|---|---|
| In re:<br><br>Haydee Jorge,<br><br>       Debtor | Bankruptcy Case No.: 14-10694-abl<br><br>Adversary No.: |
| SUSHIL PRABAKARAN, an individual,<br><br>       Plaintiff,<br>vs.<br><br>HAYDEE M. JORGE<br><br>       Defendant. | **COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS**<br>(11 U.S.C § 523) |

NOTICE: this is a Complaint alleging that the Defendant has committed fraud against the Plaintiff in connection with the procurement of a medical loan for payment of plastic surgery. The Defendant is urged to review this with an attorney. Please contact the State Bar.

COMES NOW Plaintiff, Sushil Prabakaran, by and through his attorney of record, to allege and complain as follows:

### I. PARTIES AND JURISDICTION

1. This adversary proceeding is brought under 11 U.S.C. § 523(a)(2)(A) and (a)(4).

2. Plaintiff is a resident of the State of Nevada, and otherwise is entitled to bring this

action.

3. Defendant filed a Chapter 7 bankruptcy petition on January 31st, 2014 ("Filing").

4. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523, and this is a core proceeding.

## II. COUNT I

1. On or before May 3, 2012, Defendant asked Plaintiff to co-sign on loans for medical procedures, specifically plastic surgery, she intended to have completed.

2. Initially Plaintiff agreed to do so because Defendant assured him he would only be a co-signor and she would prepare the whole loan application for his signature.

3. Plaintiff's first language is not English.

4. Defendant prepared the application and told Plaintiff he was only a co-signor.

5. Defendant committed fraud by telling Plaintiff he was a co-signor, when in fact, Defendant prepared the application to read that Plaintiff was solely responsible for Defendant's medical loan debt for Defendant's plastic surgery.

6. Defendant's fraud was not revealed to Plaintiff until much later when the loan company contacted him and informed he was not a co-signor whatsoever.

7. It was then apparent to Plaintiff that Defendant committed fraud in order to induce him to sign her medical loan documents so that she could undergo plastic surgery at the Plaintiff's expense.

8. In the interim, Plaintiff took steps to protect himself by having Defendant execute a Promissory Note that he fully anticipated Defendant to pay as agreed therein.

9. Plaintiff and Defendant agreed Defendant would execute a Promissory Note to commemorate this agreement between them.

-2-

10. On May 3, 2012, Defendant signed a Promissory Note memorializing the agreement between Plaintiff and Defendant. *See* Promissory Note, attached as **Exhibit "A"**.

11. Pursuant to said Promissory Note, JORGE borrowed a total sum of twenty-thousand five-hundred eighty-seven dollars and thirty cents ($20,587.30) for medical expenses and was required to make monthly installment payments of six-hundred dollars ($600.00). *See* **Exhibit "A"**.

12. Pursuant to said Promissory Note, under no circumstances is Plaintiff responsible for repayment of the money borrowed for Defendant's medical expenses. *See* **Exhibit "A"**.

13. As of today, Defendant has only paid Plaintiff a total of five-hundred dollars ($500.00) in June, 2012.

14. Defendant defaulted in her payment plan with Plaintiff and has since become quite unresponsive to Plaintiff's requests for repayment.

15. As a result of Defendant's failure to perform as promised in the Promissory Note, Plaintiff has been *forced* to make payments on Defendant's medical debt in order to try and protect his own credit.

16. As a result of Defendant's failure to perform as promised in the Promissory Note, Plaintiff has struggled financially while paying for Defendant's own medical debt.

17. Pursuant to said Promissory Note, Defendant was required to promptly inform Plaintiff of any change in address or name.

18. Plaintiff has repeatedly attempted to get Defendant to pay as she promised in said Promissory Note, but all attempts to do so have fallen on deaf ears. Recently, JORGE has completely evaded contact with Plaintiff.

19. Pursuant to said Promissory Note, Defendant is required to pay Plaintiffs court costs, collection agency costs, and attorney's fees in the event that Plaintiff is forced to resort to legal action to enforce said Promissory Note. *See* **Exhibit "A"**.

20. As a result of her failure to perform as promised in the Promissory Note, Defendant has forced the Plaintiff to hire counsel and to incur attorney's fees and costs in pursuit of the funds that he is contractually entitled to.

21. The Defendant has filed a Complaint for relief in the District Court of Clark County Nevada and received a Default Judgment regarding this claim. The same are attached hereto as **Exhibit "B"** and **Exhibit "C"**, respectively.

22. The Complaint contains 4 causes of action including, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment, and Fraud. **See Exhibit "D."**

23. As Fraud is nondischargeable in bankruptcy, the Plaintiff requests that this Court affirm his monetary judgment in the amount of \$25,465.92 and find that it be nondischargeable debt that the Defendant must pay to the Plaintiff.

24. Under 11 U.S.C. § 523 (a)(2)(A), the Defendant by utilizing false pretenses, false representations, and actual fraud obtained money and credit for a medical loan to undergo plastic surgery. Defendant prepared all the loan forms and informed the Plaintiff he was merely a "co-signor" when in reality, the Defendant lied and made the Plaintiff solely responsible for the debt.

25. Defendant intended that her material misrepresentations would induce the Plaintiff to sign the medical loan documents she prepared.

-4-

26. Plaintiff justifiably relied on Defendant's material misrepresentations and fraud.

27. Similarly, under 11 U.S.C. § 523(a)(4), the Defendant's actions as described above and incorporated herein were for fraud or defalction while acting in a fiduciary capacity, embezzlement or larceny.

28. Defendant acted in a fiduciary capacity by preparing the medical loan paperwork for the Plaintiff and lying to him about the terms of the same.

29. Defendant embezzled money from the Plaintiff and committed larceny as well by taking money from the Plaintiff under false pretenses and then, never paying it back.

30. The charges were incurred by the Plaintiff solely for the Defendant's debt.

31. Defendant's conduct has damaged the Plaintiff in the amount of $25,465.92.

32. Defendant's conduct has also damaged the Plaintiff in the form of attorney's fees and costs for the underlying bankruptcy procedure.

33. Defendant should be denied a discharge of the Plaintiff's claim in the amount of $25,465.92 plus any attorney's fees and costs incurred in the instant bankruptcy proceeding.

34. Thereafter, the Defendant told the Plaintiff she would repay the Plaintiff; however, she only paid $500 to date.

35. The Defendant's deceitful actions constitute fraud and as such, the debt arising out of the Default Judgment is nondischargeable in bankruptcy court.

# IV. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court provide:

1. A monetary judgment in the amount of $25,465.92;

2. An Order of nondischargeability under 11 U.S.C. § 523 (a)(2)(A) and (a)(4);

3. An Order awarding Plaintiff such additional relief as this Court deems just and equitable,; and

4. An award of attorney's fees and costs for this adversary proceeding.

DATED this 1st day of May, 2014.


**CUTTER LAW FIRM, CHTD.**


NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD. and that on this day I personally served a true and correct copy of the attached **COMPLAINT** by:

   __X__    U.S. Mail

   _____    Facsimile

   _____    Personal Service

   _____    Messenger Service

To the following:

Haydee M. Jorge
3196 South Maryland Parkway #309
Las Vegas, Nevada 89169

DATED this 1st day of May, 2014.

Employee of CUTTER LAW FIRM, CHTD.

# Exhibit A

# PROMISSORY NOTE

**From:**                                                                    **Date:** May 3, 2012
**Name:** Haydee M Jorge
**Address:** 211 Lynbrook street
     Henderson, NV 89012

**SSN:**
**Drivers License #** 2101223169
**Email:** hjorgeys@gmail.com
**Phone:** 7028606994

**To:**

Sushil Prabakaran
7209 Daintree Ct,
Las Vegas, NV 89113

I hereby certify that the entire sum of money borrowed with the GE Capital Retail Bank Account # 6019 1123 2266 9577, $8,900 borrowed through Citi Credit Card # 5466 1600 7763 3998 and Sushil Prabakaran's personal fund of $550 are for my medical expenses and I am fully responsible for repayment of this money along with the interest.

I understand that as of this date (May 3, 2012) the total sum stands at $20,587.30 with a monthly installment of $600. I also understand that this may go up depending on the late payment fees, interest rate changes and other unexpected charges. I would be fully responsible for all the payments in this account.

Under no circumstances Sushil Prabakaran is responsible for repayment of this money or any other charges incurred in these accounts pertaining to my medical procedures.

I understand that I must promptly inform Sushil Prabakaran of any change in name or address.

If Sushil Prabakaran prevails in a lawsuit to collect on this note, I will pay his court costs, collection agency costs, and attorney's fees in an amount the court finds to be reasonable.

In any unforeseen event (death or disability), the money can be recovered by selling my properties.

Sincerely,

(Haydee M Jorge)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **Exhibit B**

**NEDJ**
NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

Electronically Filed
04/14/2014 02:29:28 PM

*[signature]*

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY NEVADA

| | |
|---|---|
| SUSHIL PRABAKARAN, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| HAYDEE M. JORGE, an individual, DOES I through X, and ROE CORPORATIONS I through XX, | ) ) ) ) |
| Defendant. | ) ) ) ) ) |

**NOTICE OF ENTRY OF DEFAULT JUDGMENT**

Case No.  A-13-689955-C
Dept. No.  XII

PLEASE TAKE NOTICE that on 14th day of April, 2014, a Default Judgment was duly

entered. A true and correct copy is attached hereto as Exhibit A.

DATED this _____ day of April, 2014.          **CUTTER LAW FIRM, CHTD.**

*[signature]*

NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Exhibit A**

**JUDG**

NADIN CUTTER, ESQ.
Nevada Bar No.: 11548

**CLERK OF THE COURT**

CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

## DISTRICT COURT

## CLARK COUNTY NEVADA

*****

SUSHIL PRABAKARAN, an individual, )
                                    )  Case No.: A-13-689955-C
                                    )
            Plaintiff,              )
                                    )  Dept No.: XII
    vs.                             )
                                    )
HAYDEE M. JORGE, an individual, DOES I )
through X, and ROE CORPORATIONS I   )  **DEFAULT JUDGMENT**
through XX,                         )
                                    )
            Defendant.              )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )

## DEFAULT JUDGMENT

Defendant HAYDEE JORDGE having been served with the (1) Summons and (2) Complaint, and having failed to appear, plead or answer thereto; the legal time therefore having expired, and not having been extended; the Default of Defendant HAYDE JORGE having been entered for failure to answer or otherwise defend as to the Complaint filed on behalf of Plaintiff; it appearing that Defendant is not in the military service of the United States nor is she an infant

-1-

or incompetent person; and an Application for Default Judgment having been duly made by Plaintiff for Judgment against Defendant HAYDE JORGE in accordance with the prayer and the causes of action in the Complaint and the Affidavits on file herein, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff is awarded Judgment against Defendant HAYDE JORGE in the principal sum of $20,087.30, for costs in the amount of $378.62, for post-service interest at the rate of 5.25% per NRS 99.040, and for reasonable attorney's fees as permitted by contract in the Promissory Note in the amount of $ _5,000 —_ , for a total judgment in the amount of $ _25,465 92_ , plus post-judgment interest at the appropriate legal rate per year.

IT IS HEREBY ORDERED.

DATED this _14_ day of _April_ , 2014.

_____
DISTRICT COURT JUDGE

Respectfully submitted by:

**CUTTER LAW FIRM, CHTD.**

_____
NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
6787 West Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Telephone: (702) 800-6525
Facsimile: (702) 800-6527
Attorney for Plaintiff

-2-

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD.

and that on this day I personally served a true and correct copy of the attached **DEFAULT**

**JUDGMENT** by:

__X__      U.S. Mail

_____      Facsimile

_____      Personal Service

_____      Messenger Service

To the following:

Haydee M. Jorge
3196 South Maryland Parkway #309
Las Vegas, Nevada 89169

DATED this 14th day of April, 2014.

_____
Employee of CUTTER LAW FIRM, CHTD.

1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD. and that on this day I personally served a true and correct copy of the attached **NOTICE OF ENTRY OF DEFAULT JUDGMENT** by:

    __X__    U.S. Mail

    _____    Facsimile

    _____    Personal Service

    _____    Messenger Service

To the following:

Haydee M. Jorge
3196 South Maryland Parkway #309
Las Vegas, Nevada 89169

DATED this 14th day of April, 2014.

Employee of CUTTER LAW FIRM, CHTD.

-3-

# Exhibit C

**JUDG**
NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY NEVADA

\*\*\*\*\*

SUSHIL PRABAKARAN, an individual,

        Plaintiff,

vs.

HAYDEE M. JORGE, an individual, DOES I
through X, and ROE CORPORATIONS I
through XX,

        Defendant.

Case No.: A-13-689955-C

Dept No.: XII

**DEFAULT JUDGMENT**

## DEFAULT JUDGMENT

Defendant HAYDEE JORDGE having been served with the (1) Summons and (2)
Complaint, and having failed to appear, plead or answer thereto; the legal time therefore having
expired, and not having been extended; the Default of Defendant HAYDE JORGE having been
entered for failure to answer or otherwise defend as to the Complaint filed on behalf of Plaintiff;
it appearing that Defendant is not in the military service of the United States nor is she an infant

-1-

or incompetent person; and an Application for Default Judgment having been duly made by Plaintiff for Judgment against Defendant HAYDE JORGE in accordance with the prayer and the causes of action in the Complaint and the Affidavits on file herein, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff is awarded Judgment against Defendant HAYDE JORGE in the principal sum of $20,087.30, for costs in the amount of $378.62, for post-service interest at the rate of 5.25% per NRS 99.040, and for reasonable attorney's fees as permitted by contract in the Promissory Note in the amount of $ 5,000 —, for a total judgment in the amount of $ 25,465 92, plus post-judgment interest at the appropriate legal rate per year.

IT IS HEREBY ORDERED.

DATED this 14 day of April, 2014.

_____
DISTRICT COURT JUDGE

Respectfully submitted by:

**CUTTER LAW FIRM, CHTD.**

_____
NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
6787 West Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Telephone: (702) 800-6525
Facsimile: (702) 800-6527
Attorney for Plaintiff

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# Exhibit D

# CIVIL COVER SHEET

Clark County, Nevada

Case No.
*(Assigned by Clerk's Office)*

A-13-689955-C
XII

## I. Party Information

Plaintiff(s) (name/address/phone): Sushil Prabakaran

7209 Daintree Court

Las Vegas NV 89113

Attorney (name/address/phone):

Nadin Cutter, Esq. (Cutter Law Firm, Chtd.)

6787 West Tropicana Avenue, Suites 268 & 270

Las Vegas NV 89103

702-800-6525

Defendant(s) (name/address/phone): Haydee M. Jorge

211 Lynbrook Street

Henderson NV 89012

702-860-6994

Attorney (name/address/phone):

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☒ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

☐ **Landlord/Tenant**
  ☐ Unlawful Detainer
☐ **Title to Property**
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☐ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
  ☐ Partition
  ☐ Planning/Zoning

**Torts**

Negligence

☐ **Negligence – Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
      (Slip/Fall)
☐ **Negligence – Other**

☐ **Product Liability**
  ☐ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☐ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

| Probate | Other Civil Filing Types |
|---|---|

**Probate**

Estimated Estate Value: _____

☐ **Summary Administration**
☐ **General Administration**
☐ **Special Administration**
☐ **Set Aside Estates**
☐ **Trust/Conservatorships**
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ **Other Probate**

**Other Civil Filing Types**

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ General
☒ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☒ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Foreclosure Mediation
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** *(also check applicable civil case box)*
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☐ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

10/9/2013
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

**COMP**
NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

Electronically Filed
10/09/2013 11:13:16 PM

**CLERK OF THE COURT**

# DISTRICT COURT

## CLARK COUNTY NEVADA

*****

|  |  |
|---|---|
| SUSHIL PRABAKARAN, an individual,<br><br>      Plaintiff,<br><br>  vs.<br><br>HAYDEE M. JORGE, an individual, DOES I through X, and ROE CORPORATIONS I through XX,<br><br>      Defendant. | **COMPLAINT**<br><br>Case No. A - 1 3 - 6 8 9 9 5 5 - C<br>Dept No.    X I I |

## COMPLAINT

COMES NOW, Plaintiff SUSHIL PRABAKARAN, an individual, by and through his attorney of record NADIN CUTTER, ESQ. of CUTTER LAW FIRM, CHTD., who hereby brings forth the instant Complaint as and against Defendant HAYDEE M. JORGE, an individual, DOES I through X, and ROE CORPORATIONS I through XX, and now alleges as follows:

-1-

## GENERAL ALLEGATIONS

1.     At all relevant times herein, Plaintiff SUSHIL PRABAKARAN ("Plaintiff") was and currently is a resident of Clark County, Nevada.

2.     At all relevant times herein, Defendant HAYDEE M. JORGE ("JORGE") was and, based on information and belief, currently is a resident of Clark County, Nevada.

3.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, inclusive and ROE CORPORATIONS I through XX, inclusive are unknown to Plaintiff, who therefore, sues said Defendants by said fictitious names; Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as DOES or ROE CORPORATIONS was negligent or responsible in some manner for the events and happenings which proximately caused damages to Plaintiff as herein alleged. Plaintiff will ask leave to amend the instant Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained.

## FACTUAL BACKGROUND

4.     On or before May 3, 2012, JORGE asked Plaintiff to co-sign on loans for medical procedures, specifically plastic surgery, she intended to have completed.

5.     'Initially Plaintiff agreed to do so because JORGE assured him he would only be a co-signor and she would prepare the whole loan application for his signature.

6.     JORGE prepared the application and told Plaintiff he was only a co-signor.

7.     JORGE committed fraud by telling Plaintiff he was a co-signor, when in fact, JORGE prepared the application to read that Plaintiff was solely responsible for JORGE's medical loan debt for JORGE's plastic surgery.

-2-

8.    JORGE's fraud was not revealed to Plaintiff until much later when the loan company contacted him and informed he was not a co-signor whatsoever.

9.    It was then apparent to Plaintiff that JORGE completely lied to him.

10.    In the interim, Plaintiff took steps to protect himself by having JORGE execute a Promissory Note that he fully anticipated JORGE to pay as agreed therein.

11.    Plaintiff and JORGE agreed JORGE would execute a Promissory Note to commemorate this agreement between them.

12.    On May 3, 2012, JORGE signed a Promissory Note memorializing the agreement between Plaintiff and JORGE. *See* Promissory Note, attached as **Exhibit "A"**.

13.    Pursuant to said Promissory Note, JORGE borrowed a total sum of twenty-thousand five-hundred eighty-seven dollars and thirty cents ($20,587.30) for medical expenses and was required to make monthly installment payments of six-hundred dollars ($600.00). *See* **Exhibit "A"**.

14.    Pursuant to said Promissory Note, under no circumstances is Plaintiff responsible for repayment of the money borrowed for JORGE's medical expenses. *See* **Exhibit "A"**.

15.    As of today, JORGE has only paid Plaintiff a total of five-hundred dollars ($500.00) in June, 2012.

16.    JORGE defaulted in her payment plan with Plaintiff and has since become quite unresponsive to Plaintiff's requests for repayment.

17.    As a result of JORGE's failure to perform as promised in the Promissory Note, Plaintiff has been *forced* to make payments on JORGE's medical debt in order to try and protect his own credit.

-3-

1    18.    As a result of JORGE's failure to perform as promised in the Promissory Note,

2    Plaintiff has struggled financially while paying for JORGE's medical debt.

3    19.    Pursuant to said Promissory Note, JORGE was required to promptly inform

4    Plaintiff of any change in address or name.

5    20.    Plaintiff has repeatedly attempted to get JORGE to pay as she promised in said

6    Promissory Note, but all attempts to do so have fallen on deaf ears. Recently, JORGE has

7    completely evaded contact with Plaintiff.

8    21.    Pursuant to said Promissory Note, JORGE is required to pay Plaintiffs court

9    costs, collection agency costs, and attorney's fees in the event that Plaintiff is forced to resort to

10   legal action to enforce said Promissory Note. *See* **Exhibit "A"**.

11   22.    As a result of her failure to perform as promised in the Promissory Note, JORGE

12   has forced the Plaintiff to hire counsel and to incur attorney's fees and costs in pursuit of the

13   funds that he is contractually entitled to.

14

15                          **FIRST CLAIM FOR RELIEF**
                            **(Breach of Contract)**

16   23.    Plaintiff repeats and realleges each and every allegation contained in the above

17   paragraphs of this Complaint and incorporates each as though fully set forth therein.

18   24.    Plaintiff and JORGE entered into a valid legal contract on May 3, 2012 when

19   JORGE signed the Promissory Note. *See* **Exhibit "A"**.

20

21   25.    Plaintiff fully performed his obligations under the contract.

22   26.    JORGE breached the contract by failing to make the required six-hundred dollar

23   ($600.00) monthly installment payments as promised in the Promissory Note.

24

25

                                    -4-

1    27.    JORGE breached the contract by forcing Plaintiff to be responsible for

2    repayment of the medical debt because she has paid Plaintiff a total of five-hundred dollars

3    ($500.00) since signing the Promissory Note.

4    28.    JORGE breached the contract by failing to promptly inform Plaintiff of her new

5    address as promised in the Promissory Note.

6    29.    JORGE breached the contract by failing to be responsible for the repayment of

7    the money as promised in the Promissory Note.

8    30.    Plaintiff has suffered damages in excess of ten-thousand dollars ($10,000.00) as

9    a result of JORGE's multiple breaches.

10    31.    That it has been necessary for the Plaintiff to retain the services of legal counsel

11    for which the Plaintiff is entitled to recover such costs and expenses from.

12
### SECOND CLAIM FOR RELIEF
13    **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

14    32.    Plaintiff repeats and realleges each and every allegation contained in the above

15    paragraphs of this Complaint and incorporates each as though fully set forth therein.

16    33.    Plaintiff and JORGE were parties to a contract evidenced by the Promissory

17    Note signed by JORGE on May 3, 2012. *See* **Exhibit "A"**.

18    34.    JORGE owed Plaintiff a duty of good faith and fair dealing as all contracts

19    entered into in Nevada impose a duty of good faith and fair dealing on the parties.
20
21    35.    JORGE breached her duty of good faith and fair dealing by performing in a

22    manner that is unfaithful to the purpose of the contract by failing to make monthly installment

23    payments of six-hundred dollars ($600.00) as was promised in the Promissory Note.

24

25

-5-

36. JORGE breached her duty of good faith and fair dealing by performing in a manner that is unfaithful to the purpose of the contract by only making a total of five-hundred dollars ($500.00) worth of payments since signing the Promissory Note.

37. Plaintiff's justified expectations of JORGE paying for her own medical debt have been denied by JORGE's breaches of her duty of good faith and fair dealing and Plaintiff has suffered damages in excess of ten-thousand dollars ($10,000.00)

38. That it has been necessary for the Plaintiff to retain the services of legal counsel for which the Plaintiff is entitled to recover such costs and expenses from.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)
39. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint and incorporates each as though fully set forth therein.

40. JORGE has unjustly retained the full benefit of the medical procedures financed by the loans referenced in the Promissory Note.

41. JORGE has completely failed to perform as promised in said Promissory Note.

42. JORGE's retention of the benefits of the Promissory Note goes against fundamental principles of justice or equity and good conscience.

43. JORGE has been unjustly enriched at Plaintiff's expense and Plaintiff has been damaged in an amount exceeding ten-thousand dollars ($10,000.00)

44. That it has been necessary for the Plaintiff to retain the services of legal counsel for which the Plaintiff is entitled to recover such costs and expenses from.

## FOURTH CLAIM FOR RELIEF
### (Fraud)
45. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint and incorporates each as though fully set forth therein.

-6-

46. By convincing Plaintiff he was only a co-signor to her medical debt and by falsely preparing the loan application, JORGE made multiple false representations to Plaintiff.

47. By signing a Promissory Note with a repayment plan, JORGE made further false representations to Plaintiff.

48. JORGE knew and believed her representations to Plaintiff were false.

49. JORGE had an insufficient basis of information for making these representations to Plaintiff.

50. JORGE intended to induce Plaintiff to act to co-sign and/or solely pay for JORGE's medical debt based on her fraudulent misrepresentations to Plaintiff.

51. JORGE intended to induce Plaintiff into believing she would repay Plaintiff pursuant to the terms of the Promissory Note and instead, she breached said agreement as well.

52. Plaintiff justifiably relied on JORGE's multiple false representations.

53. JORGE has been unjustly enriched at Plaintiff's expense and Plaintiff has been damaged in an amount exceeding ten-thousand dollars ($10,000.00)

54. That it has been necessary for the Plaintiff to retain the services of legal counsel for which the Plaintiff is entitled to recover such costs and expenses from.

///

///

///

///

///

///

///

-7-

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter a judgment against JORGE as follows:

1. For compensatory and general damages in an amount in excess of ten-thousand dollars ($10,000.00);

2. For an award of attorney's fees and costs of suit; and

3. For such other and further relief as the Court may deem just and proper.

DATED this ⟨handwritten⟩ day of October, 2013.

Respectfully submitted by:

CUTTER LAW FIRM, CHTD.

NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 West Tropicana, Suite 268
Las Vegas, Nevada 89103
Office: (702) 800-6525
Facsimile: (702) 800-6527
*Attorney for Sushil Prabakaran*

-8-

Exhibit "A"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Exhibit "A"

# PROMISSORY NOTE

**From:**                                                              **Date:** May 3, 2012

    **Name:** Haydee M Jorge
    **Address:** 211 Lynbrook street
                 Henderson, NV 89012

    **SSN:** 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
    **Drivers License #** 2101223169
    **Email:** hjorgeys@gmail.com
    **Phone:** 7028606994

**To:**

    Sushil Prabakaran
    7209 Daintree Ct,
    Las Vegas, NV 89113

I hereby certify that the entire sum of money borrowed with the GE Capital Retail Bank Account # 6019 1823 2266 8577, $8,800 borrowed through Citi Credit Card # 5466 1600 7763 3988 and Sushil Prabakaran's personal fund of $550 are for my medical expenses and I am fully responsible for repayment of this money along with the interest.

I understand that as of this date (May 3, 2012) the total sum stands at $20,587.30 with a monthly installment of $600. I also understand that this may go up depending on the late payment fees, interest rate changes and other unexpected charges. I would be fully responsible for all the payments in this account.

Under no circumstances Sushil Prabakaran is responsible for repayment of this money or any other charges incurred in these accounts pertaining to my medical procedures.

I understand that I must promptly inform Sushil Prabakaran of any change in name or address.

If Sushil Prabakaran prevails in a lawsuit to collect on this note, I will pay his court costs, collection agency costs, and attorney's fees in an amount the court finds to be reasonable.

In any unforeseen event (death or disability), the money can be recovered by selling my properties.

Sincerely,

*(signature)* 5/3/12

(Haydee M Jorge)