```
 1  Goldsmith & Guymon, P.C.
    Marjorie A. Guymon, Esq.
 2  Nevada Bar No. 4983
    E-mail: mguymon@goldguylaw.com
 3  Calvin Y. Shin, Esq.
    Nevada Bar No. 13247
 4  Email: cshin@goldguylaw.com
    2055 Village Center Circle
 5  Las Vegas, Nevada 89134
    Telephone: (702) 873-9500
 6  Facsimile: (702) 873-9600
    Pro Bono Attorneys for Haydee Jorge
 7
```

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | ) | BK-S 14-10694 ABL |
| --- | --- | --- |
| Haydee Jorge, | ) | Chapter 7 |
| Debtor. | ) | |
| Sushil Prabakaran, | ) | |
| Plaintiff | ) | Adv. No.14-01080-ABL |
| vs. | ) | |
| Haydee Jorge, | ) | |
| Defendant. | ) | |

### ANSWER TO COMPLAINT OBJECTING TO DEBTOR'S DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C. § 523) AND COUNTERCLAIM FOR VIOLATION OF THE AUTOMATIC STAY

COMES NOW Defendant, Haydee Jorge (hereinafter "Defendant"), by and through counsel, Marjorie A. Guymon, of Goldsmith & Guymon, P.C., and hereby files her Answer to the Complaint Objecting Debtor's Dischargeability of Indebtedness (11 U.S.C. § 523) filed by Sushil Prabakaran (hereinafter "Plaintiff"), files her Counterclaim for Violation of the Automatic Stay, and alleges as follows:

. . .

. . .

## PARTIES AND JURISDICTION

1. Answering paragraphs 1-4 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

## PLAINTIFF'S COUNT 1

2. Answering paragraphs 21-22 of Count 1 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

3. Answering paragraphs 1-2, 4-7, 9, 10-15, 17-20, 23, and 24-35 of Count 1 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

4. Answering paragraphs 3, 8, and 16 of Count 1 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein.

## DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

5. Plaintiff's Complaint fails to state a claim upon which relief can be granted as Plaintiff fails to plead fraud with particularity pursuant to Bankruptcy Rule 7009 and Rule 9(b) of the Federal Rules of Civil Procedure.

## DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

6. Plaintiff assumed the risk of being liable on Defendant's medical debt by guaranteeing the loan.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

7. Plaintiff defrauded Defendant by fraudulently misrepresenting the alleged Promissory Note as a blank form that Defendant was required to sign.

## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

8. The alleged Promissory Note lacked any consideration and is thus unenforceable.

## DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

9. The Default Judgment entered by the District Court of Clark County was entered several months after Defendant had filed for bankruptcy and was thus entered in violation of the automatic stay.

## REQUEST FOR ATTORNEY'S FEES

10. Pursuant to Bankruptcy Rule 7008(b), Defendant requests attorney's fees for having to

respond to Plaintiff's frivolous Complaint.

## COUNTERCLAIM FOR VIOLATION OF AUTOMATIC STAY

1. This Counterclaim for Violation of Automatic Stay is brought pursuant to 11 U.S.C. 362, Bankruptcy Rule 7007, and Rule 7 of the Federal Rules of Civil Procedure.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).
3. In 2012, Plaintiff gifted monies to Defendant to pay for Defendant's reconstructive surgery.
4. Plaintiff filed a Complaint in Nevada State Court on October 9, 2013, claiming in part that the monies gifted was a loan rather than a gift.
5. Plaintiff filed an Application for Default Judgment in Nevada State Court on January 21, 2014.
6. Defendant filed for Chapter 7 Bankruptcy with this Court on January 31, 2014.
7. Plaintiff was listed on Schedule F of Defendant's Bankruptcy Petition.
8. Plaintiff was duly noticed and aware of Defendant's Chapter 7 Bankruptcy on or around January 31, 2014.
9. Plaintiff attended a hearing on the Application for Default Judgment in Nevada State Court on April 14, 2014, and failed to inform the Nevada State Court that the Defendant was currently in bankruptcy proceedings.
10. The Nevada State Court entered a Default Judgment against Defendant on April 14, 2014.
11. Section 362(a)(1) of the Bankruptcy Code prevents Plaintiff from "[commencing] or [continuing] . . . a judicial proceeding against the debtor that was or could have been commenced before the commencement of the [Bankruptcy], or to recover a claim against the debtor that arose before the commencement of the [Bankruptcy]." 11 U.S.C. § 362(a)(1).
12. As Plaintiff was fully aware of Defendant's Bankruptcy, Plaintiff willfully and intentionally continued a judicial proceeding against Defendant to recover a claim against Defendant that arose before Defendant filed for Bankruptcy in violation of the automatic stay.
13. Section 362(k)(1) permits Defendant to recover actual damages, costs and attorney's fees, and punitive damages in the event Defendant is injured by a willful violation of the automatic stay. 11 U.S.C. § 362(k)(1).

14. Defendant has incurred special damages with regards to Plaintiff's willful violation of the automatic stay by being forced to take time off work to attend hearings with regard to this matter, to consult with Defendant's attorneys, and in general to prepare or assist in the preparation of pleadings in the instant matter.

15. Defendant has incurred general damages for pain and suffering caused by Plaintiff's willful violation of the automatic stay resulting in extreme emotional damages by the Defendant at a time where Defendant is going through several strenuous life events including Defendant's Bankruptcy and Defendant's pregnancy.

16. Defendant's attorneys have incurred attorney's fees and costs by representing Defendant in the instant matter on a pro bono basis.

17. Punitive damages are proper here as Plaintiff willfully and intentionally violated the automatic stay and should be awarded in the maximum extent allowed by law.

WHEREFORE, Defendant prays for the following relief:

(1) That Plaintiff take nothing under Plaintiff's Complaint Objecting to Debtor's Dischargeability of Indebtedness (11 U.S.C. § 523);

(2) That this Court find that Plaintiff willfully and intentionally violated the automatic stay;

(3) That this Court award special damages to Defendant for Defendant being forced to take time off work to attend hearings with regard to this matter, to consult with Defendant's attorneys, and in general to prepare or assist in the preparation of pleadings in the instant matter;

(4) That this Court award general damages to Defendant for pain and suffering caused by Plaintiff's willful violation of the automatic stay resulting in extreme emotional damages by the Defendant at a time where Defendant is going through several strenuous life events including Defendant's Bankruptcy and Defendant's pregnancy;

(5) That this Court award Defendant reasonable attorney's fees and costs;

(6) That this Court award punitive damages in maximum extent allowed by law as Plaintiff willfully and intentionally violated the automatic stay; and

(7)     That this Court award such other relief as the Court deems just and proper.

DATED: October 3, 2014.

GOLDSMITH & GUYMON, P.C.

By: _____
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
Pro Bono Attorneys for Haydee Jorge

W:\MAG\Client Matters\BK Clients\Jorge 1464-168\answer.wpd