GOLDSMITH & GUYMON, P.C.                          E-FILED:  11/13/2014
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
E-mail: mguymon@goldguylaw.com
Calvin Y. Shin, Esq.
Nevada Bar No. 13247
Email: cshin@goldguylaw.com
2055 Village Center Circle
Las Vegas, Nevada 89134
Telephone:  (702) 873-9500
Facsimile:  (702) 873-9600
mailto:gcalhoun@steptoe.comPro Bono Attorneys for Haydee Jorge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Haydee Jorge,<br><br>            Debtor. | BK-S 14-10694 ABL<br>Chapter 7 |
| Sushil Prabakaran,<br><br>            Plaintiff<br><br>vs.<br><br>Haydee Jorge,<br><br>            Defendant. | Adv. No.14-01080-ABL<br><br><br>HEARING DATE: DECEMBER 17, 2014<br>HEARING TIME:  9:30 A.M. |

## MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND FOR ATTORNEYS FEES

Haydee Jorge (the "Debtor"), by and through her attorney Marjorie Guymon, Esq. of Goldsmith & Guymon, P.C., hereby moves this Court for an order holding Sushil Prabakaran ("Prabakaran"), his attorney, Nadin Cutter ("Cutter"), and the Law Offices of Cutter Law Firm, CHTD ("Cutter Law") in contempt and sanctioning each of them for the willful violation of the automatic stay by continuing their post-petition collection efforts against the Debtor.   The Motion for Sanctions for Willful Violation of the Automatic Stay and for Attorney's Fees is based on the accompanying Declaration of

1

1  Debtor, attached hereto as Exhibit A and incorporated herein by reference, and the

2  below Memorandum of Points and Authorities, in addition to any oral argument at the

3  hearing thereon.

4         DATED:  November 10, 2014.

5                              **GOLDSMITH & GUYMON, P.C.**

6

7                  By:

8                              Marjorie A. Guymon, Esq.
                               Nevada Bar No. 4983

9                              Pro Bono Attorneys for Haydee Jorge

10                  **MEMORANDUM OF POINTS AND AUTHORITIES**

11  **I. STATEMENT OF FACTS**

12       On October 9, 2013, Prabakaran filed a Complaint in Nevada State Court against

13  Debtor. *See* Complaint, *Sushil Prabakaran v. Haydee Jorge*, Case No. A-13-689955-C

14  (Nev. 8th J. Dist. Ct. October 9, 2013) attached hereto as Exhibit B and incorporated

15  herein by reference.

16       On January 31, 2014, Debtor filed for Chapter 7 Bankruptcy with this Court. *See In*

17  *re Jorge*, Docket No. 14-10694 ABL (Doc 1). The Debtor listed Prabakaran on the

18  creditor matrix and the Schedule F entered January 31, 2014. *See In re Jorge*, Docket

19  No. 14-10694 ABL (Doc 9).

20       The Debtor also informed Prabakaran that she intended to file for bankruptcy

21  through text messages.  See Exhibit A.

22       Prabakaran filed a Request for Default on January 21, 2014.  Prabakaran continued

23  collection efforts against Debtor after being informed of her bankruptcy filing in that

24  the hearing on his Request for Default was heard on April 14, 2014. *See* Application for

25  Default Judgment, *Sushil Prabakaran v. Haydee Jorge*, Case No. A-13-689955-C (Nev.

26  8th J. Dist. Ct. January 21, 2014). As a result, a default judgment was entered against

27  Debtor on April 14, 2014. *See* Default Judgment, *Sushil Prabakaran v. Haydee Jorge*,

28

Case No. A-13-689955-C (Nev. 8th J. Dist. Ct. April 14, 2014) (hereinafter the "State Court Default Judgment"), attached hereto as Exhibit C and incorporated herein by reference

Prabakaran and Cutter filed a complaint challenging the dischargeability of the debt on May 1, 2014, utilizing the post bankruptcy filing State Court Default Judgment as grounds for relief.

## II.    LEGAL ARGUMENT

The automatic stay applies in Chapter 7 cases. Bankruptcy Code § 362 provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title … operates as a stay, applicable to all entities, of—

> (1) the commencement or continuance, including the issuance or employee of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that rose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> …
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
> …

> (c) Except as provided in subsections (d), (e), and (f) of this section-

> The stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
> The stay of any other act under subsection (a) of this section continues until the earliest of
> (A) the time the case is closed;
> (B) the time the case is dismissed….

It is undisputed that Haydee Jorge is a debtor who filed a petition for relief under Title 11 of the United States Code. Thus, it cannot be disputed that the automatic

1    stay was in effect when Prabakaran contacted the Debtor about repayment of a

2    prepetition debt and obtained the State Court Default Judgment against the Debtor.

3        Imposing sanctions under §362(h) for a violation of the automatic stay requires

4    a showing that: 1) the actions taken are in violation of the automatic stay; 2) the

5    violation was willful; and 3) the debtor was injured as a result of the violation. To

6    prove a willful violation of the stay, it is not necessary to show that the creditor had

7    the specific intent to violate the stay. It is sufficient to show that the party knew of the

8    existence of the bankruptcy case and that the creditor's actions were intentional. A

9    violation of the automatic stay is willful when "[t]here is ample evidence in the record

10    to support the conclusion that [the creditor] knew of the pending petition and

11    intentionally attempted to [continue collection procedures] in spite of it." *In re*

12    *Hamrick*, 175 B.R. 890, 892 (W.D.N.C. 1994).

13        Courts have held that phone calls by a creditor to a debtor regarding a prepetition

14    debt may constitute a willful violation of the automatic stay. *In re Perviz*, 302 B.R. 357

15    (Bankr. N.D. Ohio 2003) because such actions violate the two purposes of the stay: (1) to

16    facilitate an organized liquidation of the estate and; (2) to provide the debtor with relief

17    from collection actions. *Id* (citing *United States v. Nicolet, Inc.*, 857 F.2d 202, 207 (3rd

18    Cir.1988)). Such acts violate §362(a)(6) "if their purpose is aimed at collecting a prepetition

19    debt." *Id.* In this case, Prabakaran sent text messages to the Debtor with the express purpose

20    of eliciting payments on the prepetition debt. While the court in *In re Perviz* did not

21    contemplate text messages, their similarity to phone calls and their underlying motivation

22    makes them consistent with the ruling.

23        Courts have overwhelmingly and consistently held that a creditor's failure to

24    halt collection proceedings after a petition is filed violates the automatic stay. In *In re*

25    *Banks*, 253 B.R. 25 (Bankr.E.D.Mich.2000), this Court stated: Based on [the] language

26    of § 362(a)(1), many courts have emphasized the obligation incumbent upon creditors

27    to take the necessary steps to halt or reverse any pending State Court actions or other

28    collection efforts commenced prior to the filing of a bankruptcy petition, including

4

1    garnishment of wages, repossession of an automobile, foreclosure of a mortgage or a

2    judgment lien and, thereby, maintain, or restore, the status quo as it existed at the time

3    of the filing of the bankruptcy petition. After an automatic stay is in place, certain legal

4    actions may constitute willful violations under §362(a). In the present case, the Debtor filed

5    for bankruptcy on January 31, 2014 and the State Court Default Judgment was entered

6    against the Debtor on April 14, 2014. The excessive amount of time separating the two

7    actions highlights the willfulness of the violation. Prabakaran and his council had over three

8    months to refrain from taking action or make an effort to stop the action. In the instant

9    matter, Prabakaran and Cutter have interfered in the bankruptcy process by entering a

10   default judgment and then attempting to enforce it through Prabakaran's complaint

11   objecting to the Debtor's discharge. Prabakaran and his counsel have engaged in

12   repeated and blatant affirmative actions to collect a prepetition debt in direct violation

13   of the automatic stay.

14        The responsibility to cease actions, as those discussed above, is the burden of

15   the creditor and his counsel. This responsibility is placed on the creditor and not the

16   debtor . . . because "[t]o place the onus on the debtor . . . to take affirmative legal steps

17   to recover property seized in violation of the stay would subject the debtor to the

18   financial pressures the automatic stay was designed to temporarily abate, and render

19   the contemplated breathing spell from his creditors illusory." *Id.* at 30 (quoting

20   *Ledford v. Tiedge* (*In re Sams*), 106 B.R. 485, 490 (Bankr.S.D.Ohio 1989)). *See also*

21   *Sucre v. MIC Leasing Corp.* (*In re Sucre*), 226 B.R. 340, 347 (Bankr.S.D.N.Y.1998)

22   ("[U]pon receiving actual notice of the commencement of a bankruptcy case, a creditor

23   has an affirmative duty under § 362 to take the necessary steps to discontinue its

24   collection activities against the debtor."); *Mitchell Const. Co., Inc. v. Smith* (*In re*

25   *Smith*), 180 B.R. 311, 319 (Bankr.N.D.Ga.1995) ("When a creditor receives [notice of

26   the bankruptcy], the burden is then on the creditor to assure that the automatic stay is

27   not violated or, if it has been violated prior to receipt of actual notice, the burden is on

28   the creditor to reverse any such action taken in violation of the stay."); *Mitchell v.*

*Quality Plant Serv., Inc. (In re Mitchell)*, 66 B.R. 73, 75 (Bankr.S.D.Ohio 1986) ("If one is enjoined from continuing a judicial proceeding against the debtor, one is obliged to discontinue it."); *O'Connor v. Methodist Hospital of Jonesboro, Inc. (In re O'Connor)*, 42 B.R. 390, 392 (Bankr.E.D.Ark.1984) ("At whatever stage the garnishment is, the creditor's attorney must do everything he can to halt the proceeding.")  *In re McCall-Pruitt*, 281 B.R. 910, 911-2 (Bankr. E.D. Mich. 2002): *In re Pulliam*, 262 B.R. 539, 544 (Bankr. D. Kan. 2001) (same); *In re Pinkstaff*, 974 F.2d 113, 114-5 (9th Cir. 1992). Consistent with the plain and unambiguous meaning of the statute, and consonant with Congressional intent, we hold that §362(a)(1) imposes an affirmative duty to discontinue post-petition collection actions. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002). *See also*, *In re Del Mission, Ltd.*, 98 F.3d 1147, 1151 (9th Cir. 1996) (holding that the knowing retention of estate property violates the automatic stay).

Since the Debtor has to bring this Motion for violation of the automatic stay, the Debtor is entitled to recover its damages, attorneys' fees and costs. *In re Pace*, 67 F.3d 187, 193 (9th Cir. 1995).  There is no legitimate reason for Prabakaran and his counsel to make post-petition requests for payment or obtain the State Court Default Judgment against the Debtor.  As an ordinary rule, creditors who are unsure if the stay applies to them should assume the stay *is* applicable and seek appropriate relief pursuant to 11 U.S.C. 362(f). 2 Collier on Bankruptcy ¶ 362.04[4] (Lawrence P. King ed., 15th ed. 1992).  In the present case, Prabakaran and Cutter took affirmative steps by proceeding with the hearing and obtaining the State Court Default Judgment and ignored the automatic stay.  This type of blatant disregard to the authority set forth in the Bankruptcy Code cannot and should not be tolerated.

CONCLUSION

Wherefore, Sushil Prabakaran, Nadin Cutter and the Law Offices of Nadin Cutter should be held in contempt for willfully violating the automatic stay.  Sushil

1  Prabakaran, Nadin Cutter and the Law Offices of Nadin Cutter should be enjoined from

2  any further collection efforts in state court.  The sanctions awarded should include an

3  order requiring the Sushil Prabakaran, Nadin Cutter and the Law Offices of Nadin

4  Cutter  to obtain a state court order setting aside the State Court Default Judgment, an

5  order from this Court finding the State Court Default Judgment void, and awarding

6  Debtor's counsel fees and costs for bringing this motion.  Additionally, Debtor should

7  be awarded punitive damages.

8       Attached as Exhibit D is a letter sent to counsel for the Plaintiff suggesting that

9  she take steps to remedy the violation in order to avoid this motion.  The letter went

10  unanswered.

11

12       DATED:  November 10, 2014.

13

14                                    **GOLDSMITH & GUYMON, P.C.**

15

16

17                                    Marjorie A. Guymon, Esq.
                                      Nevada Bar No. 4983
18                                    2055 Village Center Circle
                                      Las Vegas, Nevada 89134
19                                    Pro Bono Attorney for Debtor

20

21

22

23

24

25

26

27

28

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Goldsmith & Guymon, P.C.
Marjorie A. Guymon, Esq.
Nevada Bar No. 4983
E-mail: mguymon@goldguylaw.com
Calvin Y. Shin, Esq.
Nevada Bar No. 13247
Email: cshin@goldguylaw.com
2055 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 873-9500
Facsimile: (702) 873-9600
Pro Bono Attorneys for Haydee Jorge

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S 14-10694 ABL |
| | ) | Chapter 7 |
| Haydee Jorge, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| ——————————————— | ) | |
| Sushil Prabakaran, | ) | |
| | ) | Adv. No.14-01080-ABL |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Haydee Jorge, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

### DECLARATION OF HAYDEE JORGE IN SUPPORT OF MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND FOR ATTORNEY'S FEES

Haydee Jorge, under penalties of perjury, hereby declares as follows:

1.    I am over the age of 18 and am otherwise competent to testify before this Court.

2.    On or around October of 2013, Plaintiff filed a complaint against me in Nevada State Court.

3.    Due to ongoing financial issues, I retained Caleb M. Zobrist, Esq., and filed for bankruptcy in January of 2014. Plaintiff was listed as a creditor in my bankruptcy petition.

4.    I had also informed Plaintiff that I had to file for bankruptcy through text messages.

5.    Despite this, on April 14, 2014, the Nevada State Court, at the request of Plaintiff, entered a default judgment against me.

6.    On May 1, 2014, Plaintiff filed a Complaint Objecting to Dischargeability of Indebtedness (11 U.S.C. § 523) against me with this Court.

7.    My bankruptcy counsel, Caleb M. Zobrist, Esq., quoted me a $5,000 fee to represent me in the adversary matter.

8.    I was unable to afford that amount and did not know how to respond to Plaintiff's Complaint.

9.    Further your affiant sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct to the best of my own personal knowledge, except for those statements made upon information and belief, and as to those statements, I believe them to be true.

DATED:  November 10, 2014.

_____
Haydee Jorge

SUBSCRIBED AND SWORN TO before me,
a Notary Public, in said County and State,
this 10th day of November 2014:

_____
NOTARY PUBLIC

SELENA VEDRO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 01-07-18
Certificate No: 10-1243-1

Submitted by:

**GOLDSMITH & GUYMON, P.C.**

By: _____
    Marjorie A. Guymon, Esq.
    Nevada Bar No. 4983
    Pro Bono Attorneys for Haydee Jorge

W:\MAG\Client Matters\BK Clients\Jorge 1464-168\declaration in support of motion for sanctions.wpd

Page 2 of 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT B

**COMP**
1 NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
2 CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
3 Suites 268 & 270
Las Vegas, Nevada 89103
4 Tel: (702) 800-6525
Fax:(702) 800-6527
5 *Attorney for Plaintiff Sushil Prabakaran*

Electronically Filed
10/09/2013 11:13:16 PM

6 **DISTRICT COURT**

7 **CLARK COUNTY NEVADA**

CLERK OF THE COURT

8 *****

9

10 SUSHIL PRABAKARAN, an individual, )
)
11 Plaintiff, )
)
vs. )
12 ) **COMPLAINT**
)
13 HAYDEE M. JORGE, an individual, DOES I ) Case No. A-13-689955-C
through X, and ROE CORPORATIONS I ) Dept No.   XII
14 through XX, )
)
15 Defendant. )
)
16 )
)
17 )
)
18 )

19 **COMPLAINT**

20    COMES NOW, Plaintiff SUSHIL PRABAKARAN, an individual, by and through his

21 attorney of record NADIN CUTTER, ESQ. of CUTTER LAW FIRM, CHTD., who hereby

22 brings forth the instant Complaint as and against Defendant HAYDEE M. JORGE, an individual,

23 DOES I through X, and ROE CORPORATIONS I through XX, and now alleges as follows:

24

25

## GENERAL ALLEGATIONS

1.      At all relevant times herein, Plaintiff SUSHIL PRABAKARAN ("Plaintiff") was and currently is a resident of Clark County, Nevada.

2.      At all relevant times herein, Defendant HAYDEE M. JORGE ("JORGE") was and, based on information and belief, currently is a resident of Clark County, Nevada.

3.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, inclusive and ROE CORPORATIONS I through XX, inclusive are unknown to Plaintiff, who therefore, sues said Defendants by said fictitious names; Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as DOES or ROE CORPORATIONS was negligent or responsible in some manner for the events and happenings which proximately caused damages to Plaintiff as herein alleged.  Plaintiff will ask leave to amend the instant Complaint to insert the true names and capacities of DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained.

## FACTUAL BACKGROUND

4.      On or before May 3, 2012, JORGE asked Plaintiff to co-sign on loans for medical procedures, specifically plastic surgery, she intended to have completed.

5.      'Initially Plaintiff agreed to do so because JORGE assured him he would only be a co-signor and she would prepare the whole loan application for his signature.

6.      JORGE prepared the application and told Plaintiff he was only a co-signor.

7.      JORGE committed fraud by telling Plaintiff he was a co-signor, when in fact, JORGE prepared the application to read that Plaintiff was solely responsible for JORGE's medical loan debt for JORGE's plastic surgery.

8.    JORGE's fraud was not revealed to Plaintiff until much later when the loan company contacted him and informed he was not a co-signor whatsoever.

9.    It was then apparent to Plaintiff that JORGE completely lied to him.

10.    In the interim, Plaintiff took steps to protect himself by having JORGE execute a Promissory Note that he fully anticipated JORGE to pay as agreed therein.

11.    Plaintiff and JORGE agreed JORGE would execute a Promissory Note to commemorate this agreement between them.

12.    On May 3, 2012, JORGE signed a Promissory Note memorializing the agreement between Plaintiff and JORGE. *See* Promissory Note, attached as **Exhibit "A"**.

13.    Pursuant to said Promissory Note, JORGE borrowed a total sum of twenty-thousand five-hundred eighty-seven dollars and thirty cents ($20,587.30) for medical expenses and was required to make monthly installment payments of six-hundred dollars ($600.00). *See* **Exhibit "A"**.

14.    Pursuant to said Promissory Note, under no circumstances is Plaintiff responsible for repayment of the money borrowed for JORGE's medical expenses. *See* **Exhibit "A"**.

15.    As of today, JORGE has only paid Plaintiff a total of five-hundred dollars ($500.00) in June, 2012.

16.    JORGE defaulted in her payment plan with Plaintiff and has since become quite unresponsive to Plaintiff's requests for repayment.

17.    As a result of JORGE's failure to perform as promised in the Promissory Note, Plaintiff has been *forced* to make payments on JORGE's medical debt in order to try and protect his own credit.

18.     As a result of JORGE's failure to perform as promised in the Promissory Note, Plaintiff has struggled financially while paying for JORGE's medical debt.

19.     Pursuant to said Promissory Note, JORGE was required to promptly inform Plaintiff of any change in address or name.

20.     Plaintiff has repeatedly attempted to get JORGE to pay as she promised in said Promissory Note, but all attempts to do so have fallen on deaf ears.  Recently, JORGE has completely evaded contact with Plaintiff.

21.     Pursuant to said Promissory Note, JORGE is required to pay Plaintiffs court costs, collection agency costs, and attorney's fees in the event that Plaintiff is forced to resort to legal action to enforce said Promissory Note.  *See* **Exhibit "A"**.

22.     As a result of her failure to perform as promised in the Promissory Note, JORGE has forced the Plaintiff to hire counsel and to incur attorney's fees and costs in pursuit of the funds that he is contractually entitled to.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

23.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint and incorporates each as though fully set forth therein.

24.     Plaintiff and JORGE entered into a valid legal contract on May 3, 2012 when JORGE signed the Promissory Note.  *See* **Exhibit "A"**.

25.     Plaintiff fully performed his obligations under the contract.

26.     JORGE breached the contract by failing to make the required six-hundred dollar ($600.00) monthly installment payments as promised in the Promissory Note.

27.    JORGE breached the contract by forcing Plaintiff to be responsible for repayment of the medical debt because she has paid Plaintiff a total of five-hundred dollars ($500.00) since signing the Promissory Note.

28.    JORGE breached the contract by failing to promptly inform Plaintiff of her new address as promised in the Promissory Note.

29.    JORGE breached the contract by failing to be responsible for the repayment of the money as promised in the Promissory Note.

30.    Plaintiff has suffered damages in excess of ten-thousand dollars ($10,000.00) as a result of JORGE's multiple breaches.

31.    That it has been necessary for the Plaintiff to retain the services of legal counsel for which the Plaintiff is entitled to recover such costs and expenses from.

## SECOND CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

32.    Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint and incorporates each as though fully set forth therein.

33.    Plaintiff and JORGE were parties to a contract evidenced by the Promissory Note signed by JORGE on May 3, 2012. *See* **Exhibit "A"**.

34.    JORGE owed Plaintiff a duty of good faith and fair dealing as all contracts entered into in Nevada impose a duty of good faith and fair dealing on the parties.

35.    JORGE breached her duty of good faith and fair dealing by performing in a manner that is unfaithful to the purpose of the contract by failing to make monthly installment payments of six-hundred dollars ($600.00) as was promised in the Promissory Note.

36.     JORGE breached her duty of good faith and fair dealing by performing in a manner that is unfaithful to the purpose of the contract by only making a total of five-hundred dollars ($500.00) worth of payments since signing the Promissory Note.

37.     Plaintiff's justified expectations of JORGE paying for her own medical debt have been denied by JORGE's breaches of her duty of good faith and fair dealing and Plaintiff has suffered damages in excess of ten-thousand dollars ($10,000.00)

38.     That it has been necessary for the Plaintiff to retain the services of legal counsel for which the Plaintiff is entitled to recover such costs and expenses from.

### THIRD CLAIM FOR RELIEF
#### (Unjust Enrichment)

39.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint and incorporates each as though fully set forth therein.

40.     JORGE has unjustly retained the full benefit of the medical procedures financed by the loans referenced in the Promissory Note.

41.     JORGE has completely failed to perform as promised in said Promissory Note.

42.     JORGE's retention of the benefits of the Promissory Note goes against fundamental principles of justice or equity and good conscience.

43.     JORGE has been unjustly enriched at Plaintiff's expense and Plaintiff has been damaged in an amount exceeding ten-thousand dollars ($10,000.00)

44.     That it has been necessary for the Plaintiff to retain the services of legal counsel for which the Plaintiff is entitled to recover such costs and expenses from.

### FOURTH CLAIM FOR RELIEF
#### (Fraud)

45.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint and incorporates each as though fully set forth therein.

46.     By convincing Plaintiff he was only a co-signor to her medical debt and by falsely preparing the loan application, JORGE made multiple false representations to Plaintiff.

47.     By signing a Promissory Note with a repayment plan, JORGE made further false representations to Plaintiff.

48.     JORGE knew and believed her representations to Plaintiff were false.

49.     JORGE had an insufficient basis of information for making these representations to Plaintiff.

50.     JORGE intended to induce Plaintiff to act to co-sign and/or solely pay for JORGE's medical debt based on her fraudulent misrepresentations to Plaintiff.

51.     JORGE intended to induce Plaintiff into believing she would repay Plaintiff pursuant to the terms of the Promissory Note and instead, she breached said agreement as well.

52.     Plaintiff justifiably relied on JORGE's multiple false representations.

53.     JORGE has been unjustly enriched at Plaintiff's expense and Plaintiff has been damaged in an amount exceeding ten-thousand dollars ($10,000.00)

54.     That it has been necessary for the Plaintiff to retain the services of legal counsel for which the Plaintiff is entitled to recover such costs and expenses from.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable

Court enter a judgment against JORGE as follows:

    1.  For compensatory and general damages in an amount in excess of ten-

        thousand dollars ($10,000.00);

    2.  For an award of attorney's fees and costs of suit; and

    3.  For such other and further relief as the Court may deem just and proper.

DATED this _____ day of October, 2013.

Respectfully submitted by:

CUTTER LAW FIRM, CHTD.

_____
NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 West Tropicana, Suite 268
Las Vegas, Nevada 89103
Office: (702) 800-6525
Facsimile: (702) 800-6527
*Attorney for Sushil Prabakaran*

-8-

Exhibit "A"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Exhibit "A"

# PROMISSORY NOTE

**From:**                                                    **Date:** May 3, 2012
    **Name:** Haydee M Jorge
    **Address:** 211 Lynbrook street
              Henderson, NV 89012

    **SSN:** 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
    **Drivers License #** 2101223169
    **Email:** hjorgeys@gmail.com
    **Phone:** 7028506994

**To:**

    Sushil Prabakaran
    7209 Daintree Ct,
    Las Vegas, NV 89113

I hereby certify that the entire sum of money borrowed with the GE Capital Retail Bank Account # 6019 1823 2266 8577, $8,800 borrowed through Citi Credit Card # 5466 1600 7763 3988 and Sushil Prabakaran's personal fund of $550 are for my medical expenses and I am fully responsible for repayment of this money along with the interest.

I understand that as of this date (May 3, 2012) the total sum stands at $20,587.30 with a monthly installment of $600. I also understand that this may go up depending on the late payment fees, interest rate changes and other unexpected charges. I would be fully responsible for all the payments in this account.

Under no circumstances Sushil Prabakaran is responsible for repayment of this money or any other charges incurred in these accounts pertaining to my medical procedures.

I understand that I must promptly inform Sushil Prabakaran of any change in name or address.

If Sushil Prabakaran prevails in a lawsuit to collect on this note, I will pay his court costs, collection agency costs, and attorney's fees in an amount the court finds to be reasonable.

In any unforeseen event (death or disability), the money can be recovered by selling my properties.

Sincerely,

(Haydee M Jorge)

Exhibit "E"

**NEDJ**
NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

Electronically Filed
04/14/2014 02:29:28 PM

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY NEVADA

SUSHIL PRABAKARAN, an individual,

      Plaintiff,

vs.

HAYDEE M. JORGE, an individual, DOES I
through X, and ROE CORPORATIONS I
through XX,

      Defendant.

<u>**NOTICE OF ENTRY OF DEFAULT
JUDGMENT**</u>

  Case No. A-13-689955-C
  Dept. No. XII

     PLEASE TAKE NOTICE that on 14th day of April, 2014, a Default Judgment was duly

entered. A true and correct copy is attached hereto as Exhibit A.

DATED this ____ day of April, 2014.

    **CUTTER LAW FIRM, CHTD.**

    NADIN CUTTER, ESQ.
    Nevada Bar No.: 11548
    6787 W. Tropicana Avenue
    Suites 268 & 270
    Las Vegas, Nevada 89103
    Tel: (702) 800-6525
    Fax:(702) 800-6527
    *Attorney for Plaintiff Sushil Prabakaran*

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Exhibit A**

Electronically Filed
04/14/2014 10:59:50 AM

CLERK OF THE COURT

**JUDG**
NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

## DISTRICT COURT

## CLARK COUNTY NEVADA

*****

| | |
|---|---|
| SUSHIL PRABAKARAN, an individual, | Case No.: A-13-689955-C |
| Plaintiff, | |
| vs. | Dept No.: XII |
| HAYDEE M. JORGE, an individual, DOES I through X, and ROE CORPORATIONS I through XX, | **DEFAULT JUDGMENT** |
| Defendant. | |

## DEFAULT JUDGMENT

Defendant HAYDEE JORDGE having been served with the (1) Summons and (2)

Complaint, and having failed to appear, plead or answer thereto; the legal time therefore having

expired, and not having been extended; the Default of Defendant HAYDE JORGE having been

entered for failure to answer or otherwise defend as to the Complaint filed on behalf of Plaintiff;

it appearing that Defendant is not in the military service of the United States nor is she an infant

-1-

or incompetent person; and an Application for Default Judgment having been duly made by

Plaintiff for Judgment against Defendant HAYDE JORGE in accordance with the prayer and the

causes of action in the Complaint and the Affidavits on file herein, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff is awarded

Judgment against Defendant HAYDE JORGE in the principal sum of $20,087.30, for costs in the

amount of $378.62, for post-service interest at the rate of 5.25% per NRS 99.040, and for

reasonable attorney's fees as permitted by contract in the Promissory Note in the amount of

$ _5,000 —_ , for a total judgment in the amount of $ _25,465 92_ , plus post-

judgment interest at the appropriate legal rate per year.

IT IS HEREBY ORDERED.

DATED this _14_ day of _April_ , 2014.

_____
DISTRICT COURT JUDGE

Respectfully submitted by:

**CUTTER LAW FIRM, CHTD.**

_____
NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
6787 West Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Telephone: (702) 800-6525
Facsimile: (702) 800-6527
Attorney for Plaintiff

-2-

1

## CERTIFICATE OF SERVICE

2
    Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD.

3
and that on this day I personally served a true and correct copy of the attached DEFAULT

4
JUDGMENT by:

5

6
    __X__        U.S. Mail

7
    _____       Facsimile

8

9
    _____       Personal Service

10
    _____       Messenger Service

11
    To the following:

12
    Haydee M. Jorge
13  3196 South Maryland Parkway #309
    Las Vegas, Nevada 89169
14

15
    DATED this 14th day of April, 2014.

16

17

18                                      Employee of CUTTER LAW FIRM, CHTD.

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD. and that on this day I personally served a true and correct copy of the attached **NOTICE OF ENTRY OF DEFAULT JUDGMENT** by:

  __X__   U.S. Mail

  _____   Facsimile

  _____   Personal Service

  _____   Messenger Service

To the following:

Haydee M. Jorge
3196 South Maryland Parkway #309
Las Vegas, Nevada 89169

DATED this 14th day of April, 2014.

Employee of CUTTER LAW FIRM, CHTD.

-3-

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD. and that on this day I personally served a true and correct copy of the attached *Motion for Default Judgment* by:

    ✓    U.S. Mail

    ____    Facsimile

    ____    Personal Service

    ____    Electronic Service/Correspondence

To the following:

    Haydee Jorge
    6515 White Tiger Court
    Las Vegas, NV 89130

DATED this _9th_ day of _September_, 2014

                                    _____
                                    Employee of CUTTER LAW FIRM, CHTD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT C

**NEDJ**
NADIN CUTTER, ESQ.
Nevada Bar No.: 11548
CUTTER LAW FIRM, CHTD.
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

Electronically Filed
04/14/2014 02:29:28 PM

CLERK OF THE COURT

**DISTRICT COURT**

**CLARK COUNTY NEVADA**

SUSHIL PRABAKARAN, an individual,

        Plaintiff,

vs.

HAYDEE M. JORGE, an individual, DOES I
through X, and ROE CORPORATIONS I
through XX,

        Defendant.

**NOTICE OF ENTRY OF DEFAULT JUDGMENT**

Case No.  A-13-689955-C
Dept. No.  XII

PLEASE TAKE NOTICE that on 14ᵗʰ day of April, 2014, a Default Judgment was duly entered.  A true and correct copy is attached hereto as Exhibit A.

DATED this ____ day of April, 2014.

**CUTTER LAW FIRM, CHTD.**

NADIN R. CUTTER, ESQ.
Nevada Bar No.: 11548
6787 W. Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Tel: (702) 800-6525
Fax:(702) 800-6527
*Attorney for Plaintiff Sushil Prabakaran*

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Exhibit A**

Electronically Filed
04/14/2014 10:59:50 AM

*[signature]*

**CLERK OF THE COURT**

**JUDG**

1   NADIN CUTTER, ESQ.
    Nevada Bar No.: 11548
2   CUTTER LAW FIRM, CHTD.
    6787 W. Tropicana Avenue
3   Suites 268 & 270
    Las Vegas, Nevada 89103
4   Tel: (702) 800-6525
    Fax:(702) 800-6527
5   *Attorney for Plaintiff Sushil Prabakaran*

6                       **DISTRICT COURT**

7                 **CLARK COUNTY NEVADA**

8                           **\*\*\*\*\***

9

10   SUSHIL PRABAKARAN, an individual,       )
                                          )   Case No.: A-13-689955-C
11             Plaintiff,                   )
        vs.                                 )   Dept No.: XII
12                                         )
    HAYDEE M. JORGE, an individual, DOES I   )
13   through X, and ROE CORPORATIONS I     )
    through XX,                         )   **DEFAULT JUDGMENT**
14                                         )
              Defendant.                 )
15                                         )
                                        )
16                                         )
                                        )
17                                         )
                                        )
18                                         )

19                         **DEFAULT JUDGMENT**

20

21         Defendant HAYDEE JORDGE having been served with the (1) Summons and (2)

22   Complaint, and having failed to appear, plead or answer thereto; the legal time therefore having

23   expired, and not having been extended; the Default of Defendant HAYDE JORGE having been

24   entered for failure to answer or otherwise defend as to the Complaint filed on behalf of Plaintiff;

25   it appearing that Defendant is not in the military service of the United States nor is she an infant

or incompetent person; and an Application for Default Judgment having been duly made by

Plaintiff for Judgment against Defendant HAYDE JORGE in accordance with the prayer and the

causes of action in the Complaint and the Affidavits on file herein, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff is awarded

Judgment against Defendant HAYDE JORGE in the principal sum of $20,087.30, for costs in the

amount of $378.62, for post-service interest at the rate of 5.25% per NRS 99.040, and for

reasonable attorney's fees as permitted by contract in the Promissory Note in the amount of

$ 5,000 — , for a total judgment in the amount of $ 25,465 92 , plus post-

judgment interest at the appropriate legal rate per year.

IT IS HEREBY ORDERED.

DATED this 14 day of April , 2014.

_____
DISTRICT COURT JUDGE

Respectfully submitted by:

**CUTTER LAW FIRM, CHTD.**

_____
NADIN J. CUTTER, ESQ.
Nevada Bar No.: 11548
6787 West Tropicana Avenue
Suites 268 & 270
Las Vegas, Nevada 89103
Telephone: (702) 800-6525
Facsimile: (702) 800-6527
Attorney for Plaintiff

-2-

1

## CERTIFICATE OF SERVICE

2          Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD.

3    and that on this day I personally served a true and correct copy of the attached **DEFAULT**

4    **JUDGMENT** by:

5

6          __X__          U.S. Mail

7          ____          Facsimile

8          ____          Personal Service

9
10          ____          Messenger Service

11   To the following:

12   Haydee M. Jorge
13   3196 South Maryland Parkway #309
     Las Vegas, Nevada 89169
14
15   DATED this 14th day of April, 2014.

16

17

18                                        _____
                                          Employee of CUTTER LAW FIRM, CHTD.
19

20

21

22

23

24

25

26

27

28

1

1

## CERTIFICATE OF SERVICE

2        Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM,

3   CHTD. and that on this day I personally served a true and correct copy of the attached **NOTICE**

4   **OF ENTRY OF DEFAULT JUDGMENT** by:

5        __X__           U.S. Mail

6        _____           Facsimile

7        _____           Personal Service

8        _____           Messenger Service

9        To the following:

10
     Haydee M. Jorge
11   3196 South Maryland Parkway #309
     Las Vegas, Nevada 89169
12
     DATED this 14th day of April, 2014.
13

14

15

                                        Employee of CUTTER LAW FIRM, CHTD.
16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of CUTTER LAW FIRM, CHTD. and that on this day I personally served a true and correct copy of the *Sushil Prabakaran's Amended Affidavit in Support of Default Judgment* by:

     ✓    U.S. Mail

     ____    Facsimile

     ____    Personal Service

     ____    Messenger Service

To the following:

     Haydee Jorge
     6515 White Tiger Ct.
     Las Vegas, NV 89130

DATED this 9<u>ᵗʰ</u> day of <u>September</u> 2014.

_____
Employee of CUTTER LAW FIRM, CHTD.

EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# GOLDSMITH & GUYMON

*A Professional Law Corporation*



MAILED
10·31·14

| | |
|---|---|
| Dara J. Goldsmith, Esq.★ | Also admitted in Arizona, California & Hawaii ★ |
| Marjorie A. Guymon, Esq.★★ | Also admitted in Utah ★★ |
| Peter Co, Esq.★★★ | Also admitted in California ★★★ |
| Erin M. Houston, Esq. | |
| Calvin Y. Shin, Esq.★★★ | |

October 31, 2014

Nadine J. Cutter, Esq.
*Cutter Law Firm, CHTD.*
6787 W. Tropicana Ave.
Suites 268 & 270
Las Vegas, NV 89103

> Re:    Sushil Prabakaran v. Haydee M. Jorge
>        Our File No. 1464-168

Dear Nadine:

This office has prepared a motion for sanctions for violating the automatic stay due to your obtaining a default judgment against the debtor post bankruptcy filing and subsequently attempting to utilize that judgment in order to obtain a judgment for nondischargeability.

This letter demands that you immediately seek an order from the state court setting aside the default judgment and amend your complaint objecting to the discharge based upon the void default judgment. Should you fail to do so within ten days we will file our motion for sanctions.

Sincerely,

**GOLDSMITH & GUYMON, P.C.**

Marjorie A. Guymon, Esq.

MAG:cs
W:\MAG\Client Matters\BK Clients\Jorge 1464-168\Cutter Letter 103114.wpd